IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01763-CMA-NYW

JACOB D. OAKLEY,

    Plaintiff,

v.

DEAN WILLIANS,
INMATE BANKING – DEFENDANTS TO BE DETERMINED,
OFFENDER ACCOUNTS – DEFENDANTS TO BE DETERMINED, and
CDOC ASSIGNED CONTROLLER OF THE STATE,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before this court on the Motion for Stay (the "Motion" or "Motion to Stay") [Doc. 19] filed on September 15, 2021 by Defendants Dean Williams, Inmate Banking, Offender Accounts, and the CDOC Assigned Controller of the State (collectively, "Defendants"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated July 29, 2021 [Doc. 8], and the Memorandum dated September 16, 2021. [Doc. 20]. Upon review of the Motion to Stay, the entire court docket, and the applicable case law, this court finds that oral argument will not materially assist in resolving the issues before it. For the following reasons, the Motion to Stay is **GRANTED**.

## BACKGROUND

Plaintiff Jacob D. Oakley ("Plaintiff" or "Mr. Oakley") is an inmate currently in the custody of the Colorado Department of Corrections ("CDOC") and housed at the Centennial Correctional Facility ("CCF") in Canon City, Colorado. See [Doc. 1]. Mr.

Oakley initiated this action on June 28, 2021, alleging that Defendants have made unauthorized charges to his prison account without notice to Mr. Oakley and without Mr. Oakley's permission. *See generally* [*id.*]. He asserts that Defendants have thus unilaterally created an improper debt in his name. [*Id.* at 9, ¶ 18]. While the exact nature of Mr. Oakley's claims are unclear from the Complaint, Mr. Oakley asserts that Defendants have made the following violations of law: (1) a violation of his procedural due process rights; (2) a violation of his substantive due process rights; (3) a violation of the Tucker Act, 28 U.S.C. § 1491, and the Little Tucker Act, 28 U.S.C. § 1346(a);[1] (4) "violations of state and federal banking codes," and (5) "violation(s) of [various] antitrust laws, [the] Sherman Act, and all related statutes and codes." [Doc. 1 at 12, ¶ 18]. Mr. Oakley seeks injunctive relief as well as compensatory, punitive, and nominal damages. [*Id.* at 10, 12].

On September 14, 2021, Defendants filed a Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(B)(1) and 12(B)(6) (the "Motion to Dismiss"). [Doc. 18]. In their pending Motion to Dismiss, Defendants seek to dismiss Plaintiff's claims in their entirety, arguing that (1) Plaintiff's claims are barred by the statute of limitations; (2) Plaintiff's claims are barred by *res judicata* and/or claim preclusion; (3) Plaintiff's individual-capacity claims are barred by qualified immunity; and (4) Plaintiff's due process claims under the Fourteenth Amendment fail to state a claim. *See generally* [*id.*]. The next day, Defendants filed the

---

[1] "The Little Tucker Act and its companion statute, the Tucker Act, . . . do not themselves 'creat[e] substantive rights,' but 'are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources of law.'" *United States v. Bormes*, 568 U.S. 6, 10 (2012) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)). This court does not pass on the viability of Mr. Oakley's asserted claims under the Tucker Act or the Little Tucker Act in ruling on the Motion to Stay.

instant Motion to Stay, seeking to stay this matter pending resolution of their Motion to Dismiss. [Doc. 19]. After the Motion to Stay was referred to the undersigned, [Doc. 20], the court ordered Mr. Oakley to respond to the Motion by October 18, 2021. [Doc. 21]. On October 14, 2021, Mr. Oakley filed a Motion for an Extension of Time, seeking a 45-day extension to respond to the Motion to Stay. [Doc. 24]. This court granted the requested extension, but reminded Mr. Oakley that, pursuant to the Local Rules, the court could rule on a motion at any time after it is filed. [Doc. 26 at 1 (quoting D.C.COLO.LCivR 7.1(d))]. Because the court concludes that it can rule on the Motion without a response from Plaintiff, the court considers the arguments raised in the Motion to Stay.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In

determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues. *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

## ANALYSIS

Defendants seek to stay discovery in the instant action pending resolution of their Motion to Dismiss, arguing that the *String Cheese* factors weigh in favor of a stay. I consider the factors in turn.

<u>Plaintiff's Interest in Proceeding Expeditiously</u>. As to the first *String Cheese* factor, Defendants do not dispute that, like all plaintiffs, Plaintiff here has an interest in proceeding expeditiously and avoiding any unnecessary delay in this case. [Doc. 19 at ¶ 10]. However, they argue that "there will be no prejudice if discovery is delayed, and

4

there is no apparent reason why [Plaintiff's] ability to conduct discovery would be affected by a brief delay." [*Id.*].

The court finds that Plaintiff "undoubtedly ha[s] an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). Indeed, at least some of the alleged events in this case occurred in 2012, *see* [Doc. 1 at 7, ¶ 11], and even with the current case schedule, the case will likely not reach resolution through dispositive motions and/or trial until 2022. *See Sanchez*, 2020 WL 924607, at *5 (noting that, where events occurred in 2018 and case was not likely to be resolved until 2021, a stay of discovery was disfavored). However, while the court acknowledges that Plaintiff has an interest in timely and efficiently pursuing his claims in this matter, the court does not find that—given the other legitimate reasons to stay discovery in this matter set forth below—this interest is so strong as to outweigh the other factors in this matter. *See Spence v. Cabiling*, No. 11-cv-01027-CMA-MEH, 2011 WL 5041177, at *2 (D. Colo. Oct. 24, 2011) (where the defendants had asserted a qualified immunity defense, recognizing that the plaintiff had an interest in proceeding with the case but finding that the interest was outweighed by the burden on defendants in proceeding through discovery). Indeed, Mr. Oakley has asked for, and this court has granted, a significant extension of time for him to respond to the Motion to Dismiss. [Doc. 24; Doc. 26].

Thus, the court finds that this factor weighs only slightly against staying discovery.

<u>The Burden on Defendants</u>. As to the second *String Cheese* factor, this court finds that it weighs in favor of a stay. In their Motion to Dismiss, Defendants raise jurisdictional challenges to Plaintiff's claims, asserting that the claims are barred by the applicable

5

statute of limitations and *res judicata* and/or claim preclusion. [Doc. 18 at 5-10]. Moreover, they raise a defense of qualified immunity as to Plaintiff's individual-capacity claims. [*Id.* at 14]. There are thus numerous arguments raised in the Motion to Dismiss that could, taken together, resolve the instant action in its entirety if successful. Courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues," *Clarendon*, 2019 WL 1897845, at *2, and have generally favored stays where a pending dispositive motion would completely dispose of the action on jurisdiction grounds, *see, e.g.*, *Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-MKT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013), or pursuant to qualified immunity. *See, e.g.*, *Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan. 27, 2020). Because the Motion to Dismiss raises numerous arguments which could resolve this matter, I find that the second *String Cheese* factor weighs strongly in favor of a stay.

<u>The Convenience to the Court</u>. As to the third *String Cheese* factor, convenience to the court favors a stay. Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), Defendants here raise multiple jurisdictional grounds for dismissal of all of Plaintiff's claims and also raise a qualified-immunity argument. *See* [Doc. 18]. Given the pending dispositive motion, this court finds that a stay of discovery would conserve judicial resources in that the precise contours of the action—and indeed whether the action survives dismissal at all—would be known before proceeding through

6

discovery. "All things equal, this court would prefer more certainty as to the claims moving forward which aids in the ability to appropriately frame discovery and assist Parties with any discovery disputes." *Sanchez*, 2020 WL 924607, at *6. For these reasons, I find that factor three weighs in favor of granting the stay.

<u>Interests of Non-Parties and the Public Interest</u>. As to the remaining *String Cheese* factors, this court finds that the interests of non-parties and the public are neutral. Defendants do not identify any non-parties who may be affected by a stay in this matter. *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, fourth *String Cheese* factor was neutral). Moreover, while the public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation," *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *2 (D. Colo. June 22, 2011), "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). The court thus finds that these factors weigh neither in favor nor against a stay of discovery.

In sum, the balance of the *String Cheese* factors weighs in favor of staying discovery pending resolution of the pending Motion to Dismiss. In so finding, the court does not pass on the merits of the pending Motion to Dismiss or the arguments therein. For the reasons set forth above, the Motion to Stay is **GRANTED**. Discovery in this matter is hereby **STAYED** pending the resolution of the Motion to Dismiss.

## CONCLUSION

Based on the foregoing considerations, **IT IS ORDERED** that:

(1)  The Motion for Stay [Doc. 19] is **GRANTED**;

(2)  All discovery in this matter is hereby **STAYED** pending resolution of the pending Motion to Dismiss [Doc. 19]; and

(3)  Within three (3) business days of the disposition of the pending Motion to Dismiss [Doc. 19], to the extent any claims against Defendants survive, counsel for Defendants shall **CONTACT** the chambers of the undersigned to schedule a Status Conference to discuss further discovery and scheduling; and

(4)  A copy of this Order, marked as legal mail, be sent to the following:

>  Jacob D. Oakley, #123294
>  Centennial Correctional Facility (CCF)
>  P.O. Box 600
>  Canon City, CO 81215
>
>  Case Manager for Jacob D. Oakley, #123294
>  Centennial Correctional Facility (CCF)
>  P.O. Box 600
>  Canon City, CO 81215

DATED: November 1, 2021

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge